UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| NATIONAL ASSOCIATION OF<br>GOVERNMENT EMPLOYEES, INC., | *<br>*<br>* | |
| Plaintiff, | *<br>* | |
| v. | *<br>* | Civil Action No. 13-10854-JLT |
| NATIONAL EMERGENCY MEDICAL<br>SERVICES ASSOCIATION, INC., and<br>TORREN K. COLCORD, | *<br>*<br>*<br>* | |
| Defendant. | * | |

ORDER

August 23, 2013

TAURO, J.

This court ACCEPTS and ADOPTS the July 16, 2013, Report and Recommendation [#47] of Magistrate Judge Dien. For the reasons set forth in the Report and Recommendation, this court hereby orders that:

1. Plaintiff National Association of Government Employees, Inc.'s ("NAGE") Motion to Strike Counterclaims [#40] is ALLOWED. The court treats the verified counterclaim as an affidavit in support of Defendant's request for a preliminary injunction.

2. Defendant Colcord's Motion for a Preliminary Injunction [#27] is DENIED.

3. Defendant National Emergency Medical Services Association, Inc.'s ("NEMSA") Motion for a Preliminary Injunction [#27] is ALLOWED. Pending the outcome of any requests for preliminary relief submitted in arbitration proceedings between NAGE and NEMSA, it is hereby ordered that (1) NAGE shall be restrained and

    enjoined from participating in any election(s) in which it would be seeking to replace NEMSA or otherwise challenge NEMSA's status as the representative for any existing employees or bargaining units; (2) NAGE shall withdraw all pending petitions to decertify NEMSA as the representative of any existing bargaining units; and (3) NAGE shall be restrained and enjoined from pursuing further efforts to decertify NEMSA as the representative of any existing bargaining units.

4. The court clarifies that the facts that form the basis of the preliminary injunction are not in dispute. Accordingly, an evidentiary hearing is not necessary. In pages nineteen through twenty of its objections, NAGE claims that four facts are in dispute. None of the facts described in these two pages forms the basis of this court's order. Even if this court were to accept NAGE's version of these facts as true, an injunction would still be appropriate in this case.[1]

5. NEMSA must now post a bond pursuant to § 107 of the Norris-LaGuardia Act, 28 U.S.C. §§ 101-115. This court refers the determination of the proper bond to Magistrate Judge Dein.

IT IS SO ORDERED.

                                                      /s/ Joseph L. Tauro
                                            United States District Judge

---

[1] Several of the "facts" that NAGE lists as disputed are legal conclusions rather than facts, such as "whether NAGE properly terminated the Agreement" and "the balance of harms." The court does not consider NAGE's legal conclusions, but only NAGE's version of the facts.