UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

NATIONAL ASSOCIATION OF
GOVERNMENT EMPLOYEES, INC.,
    *Plaintiff,*

v.

NATIONAL EMERGENCY MEDICAL
SERVICES ASSOCIATION, INC., and
TORREN K. COLCORD,
    *Defendants*,

and

AMERICAN MEDICAL RESPONSE,
    *Trustee.*

Case No. 1:13-cv-10854-PBS

**COMBINED MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO CONFIRM ARBITRATION AWARD AND
MOTION FOR APPROVAL OF ATTACHMENT ON TRUSTEE PROCESS
OF PLAINTIFF NATIONAL ASSOCIATION OF GOVERNMENT EMPLOYEES**

This case has been stayed/administratively closed since July 25, 2013 pending resolution of arbitration between the parties, Plaintiff National Association of Government Employees, Inc. ("NAGE") and Defendants National Emergency Medical Services Association, Inc. ("NEMSA") and Torren K. Colcord ("Colcord"). The arbitration trial, including presentation of evidence and testimony, occurred in early January 2014, and Arbitrator Robert M. Hirsch issued a final and binding Decision and Award on May 15, 2014. Arbitrator Hirsch ruled that Defendants are jointly and severally liable to NAGE for damages in the amount of $260,064 and ordered that sum paid to NAGE within 30 days of the Award. NAGE has received no payment from Defendants. Accordingly, NAGE is filing two motions to commence enforcement of the Decision and Award issued in its favor: first, a Motion to Confirm Arbitration Award seeking issuance by the Court of judgment against Defendants in the amount of $260,064; and second, a

Motion for Approval of Attachment on Trustee Process against a third-party trustee to secure NEMSA's assets for satisfaction of the amount of the judgment.

## FACTUAL BACKGROUND

### I.  Final and Binding Arbitration Award Issued on May 15, 2014

NAGE initiated the instant action against NEMSA and Colcord on April 11, 2013 in order to collect funds Defendants owed to NAGE under three agreements between the parties. These agreements, executed on April 30, 2012, included: an Affiliation Agreement between NAGE and NEMSA; a Servicing Agreement between NAGE and NEMSA; and an Employment/Consulting Agreement between NAGE and Colcord.  *See* Farley Aff. ¶¶ 3-4; Ex. A-C to Farley Affidavit (Affiliation, Servicing, and Employment/Consulting Agreements, respectively).  In this federal action, NEMSA and Colcord filed a motion for injunctive relief and asserted counterclaims against NAGE, *see* Dkt. No. 26-28 (June 14, 2013), and eventually filed an Answer to NAGE's claims.  *See* Dkt. No. 50 (July 22, 2013).

On July 25, 2013, Magistrate Judge Dein entered an order staying the case in this Court "until the completion of arbitration between NAGE and NEMSA, except to the extent necessary to finally resolve NEMSA's motion for preliminary injunction."  *See* Dkt. No. 53 (Order of July 25, 2013).  Magistrate Judge Dein based her decision on the language of the parties' agreements. In particular, the Affiliation and Servicing Agreements contain a Mediation/Arbitration clause, providing that a mediator/arbitrator "shall . . . conduct hearings in attempt to mediate the dispute [between the parties], but shall, when convinced the parties will not reach agreement voluntarily, be authorized to make final determinations which shall be binding on the parties."  *See* Affiliation Agreement at Art. VII.B; Servicing Agreement at ¶ 8 (incorporating by reference the dispute resolution procedure in the Affiliation Agreement).

The parties proceeded with arbitration under the auspices of American Arbitration Association ("AAA") and selected Robert M. Hirsch as the mediator/arbitrator to hear all the parties' claims against each other. Farley Aff. ¶¶ 5-6. During the pendency of proceedings before Arbitrator Hirsch, this Court continued to stay/administratively close the federal court proceeding pending resolution of the arbitration. *See* Dkt. No. 88 (Order Administrative Stay/Closing of Chief Judge Saris, Jan. 27, 2014). *See also* Dkt. No. 90 (Dkt. Entry of Apr. 22, 2014) (noting that, after a status conference was held before Chief Judge Saris, the case remains stayed pending the resolution of arbitration).

Arbitrator Hirsch first conducted a mediation among all parties on October 15, 2013. Farley Aff. ¶ 7. When the mediation failed to resolve the parties' dispute, Arbitrator Hirsch set the case for trial. *Id.* ¶ 8. From January 6 to 11, 2014, Arbitrator Hirsch presided over a trial of the merits of all claims between NAGE and NEMSA relating to the Affiliation and Servicing Agreements as well as all claims between NAGE and Colcord relating to the Employment/ Consulting Agreement. *Id.* ¶¶ 8-9. At trial, the parties made opening statements, presented witness testimony, and offered evidence into the record. *Id.* ¶ 9. The parties submitted post-hearing briefing to Arbitrator Hirsch, with opening briefs cross-filed on March 10, 2014 and response briefs cross-filed on March 24, 2014. *Id.* ¶ 10.

Having reviewed the facts, exhibits, testimony, and other evidence adduced at trial as well as arguments submitted by the parties, Arbitrator Hirsch issued his Decision and Award in the matter on May 15, 2014. *Id.* ¶ 11; Ex. D to Farley Aff. (Decision and Award of Robert M. Hirsch). Arbitrator Hirsch set forth in detail the reasons underlying his Decision. The Award states as follows:

Based upon the record as a whole, the following award is ordered:

1) NEMSA is entitled to damages, against NAGE, in the amount of $17,716 for fees and expenses relating to its efforts to enforce the arbitration provisions of the Servicing and Affiliation Agreements.  NEMSA is not entitled to any other damages or relief.
2) NAGE lawfully terminated the Servicing, Affiliation and Employment Agreements in April 2013.
3) NAGE is entitled to damages against NEMSA and Colcord, who shall be jointly and severally liable, in the amount of $281,380.  This damage award shall be offset by the award in favor of NEMSA, above.  Accordingly, the net damage award to NAGE is $263,664.  The net damage award to NEMSA is zero.  NAGE is not entitled to any other damages or relief.
4) The Administrative fees and expenses of the AAA totaling $20,200.00 are to be borne equally, in accordance with the applicable agreements.  The Compensation and expenses of the Arbitrator totaling $44,117.00 are to be borne equally, in accordance with the applicable agreements.  Therefore, NEMSA is entitled to an amount of $3,600.00 from NAGE.
5) Accordingly, NEMSA/Colcord shall pay to NAGE the total amount of $260,064 within 30 days of this Award.
6) This Decision and Award is final and binding on the parties, pursuant to the express terms of the contractual arbitration provisions.

Decision and Award at 24-25.  As of the date of the filing of these Motions neither NEMSA nor Colcord has made any payment to NAGE or otherwise communicated to NAGE.  Farley Aff. ¶ 12.

## II.   Trustee American Medical Response

American Medical Response ("AMR") is a private provider of emergency medical transportation services.  According to its website, AMR holds itself out as a national company and operates in 40 states and the District of Columbia.  Farley Aff. ¶ 13; Ex. E to Farley Aff. (AMR Website Excerpt).  In Massachusetts, AMR operates in Attleboro, Taunton, Dartmouth, Brockton, Avon, Natick, Framingham, Plymouth, and Springfield.  AMR Website Excerpts.  NEMSA is the certified exclusive bargaining representative of approximately 1100 AMR employees nationwide.  Farley Aff. ¶ 14.  Pursuant to the collective bargaining contracts between

NEMSA and AMR, AMR deducts the dues owed to NEMSA by its members from its employees' paychecks and, on a monthly basis, remits the deducted dues to NEMSA. *Id.* ¶ 15.

In July 2012, an attorney in California commenced a breach of contract action against NEMSA for non-payment of attorneys' fees. *See Goyette & Associates, Inc.*, *v. NEMSA*, Case No. 34-2012-00128034 (Cal. Super. Ct., Sacramento Cnty., filed July 11, 2012). In September 2012, a writ of attachment was entered in that case in the amount of $270,124.90.[1] NEMSA's member dues revenue in AMR's possession was attached, pursuant to which AMR withheld hundreds of thousands of dues from NEMSA until approximately April 2013. Farley Aff. ¶¶ 16-17.

## ARGUMENT

### I.   The Court Should Enter Judgment Confirming the Arbitrator's Award

Pursuant to the arbitration/mediation clause of the Affiliation and Servicing Agreements, the parties submitted their dispute to Arbitrator Hirsch for resolution. In addition, at Colcord's insistence, NAGE also agreed to submit all claims involving Colcord to arbitration. *See, e.g.*, Dkt. No. 13-14 (Defendants' Motion seeking to compel arbitration, including as to claims by and against Colcord). After a trial on the merits, Arbitrator Hirsch issued his Decision and Award, finding NEMSA and Colcord jointly and severally liable to NAGE in the amount of $260,064. Decision and Award at 24-25.

Arbitrator Hirsch confirmed that his decision is "final and binding on the parties, pursuant to the express terms of the contractual arbitration provisions." Decision and Award at 25. Moreover, even if Defendants wanted to appeal his decision, the thirty-day statute of limitations to seek vacatur of the Decision and Award lapsed on June 14, 2014. *See, e.g.*, *Local*

---

[1] A copy of the September 6, 2012 writ of attachment, as well as the other pleadings in the *Goyette* matter, are available for public access at https://services.saccourt.ca.gov/publicdms.

*2322, Int'l Bhd. of Elec. Workers v. Verizon New England, Inc.*, 464 F.3d 93, 97 (1st Cir. 2006) ("[F]ederal courts have adopted the general rule that '[a] party who fails to initiate an action to vacate or modify an [arbitration] award' within the applicable state time limit—thirty days in Massachusetts, Mass. Gen. Laws ch. 150C § 11(b) (2004)—'is barred from asserting those claims as defenses to a later action to confirm.'" (internal citation omitted)).

Because neither NEMSA nor Colcord have made any payment to NAGE within the thirty day period set forth by Arbitrator Hirsch for full payment of the award to NAGE, the full amount of the award is due and owing to NAGE. In order to pursue various state law enforcement remedies, NAGE requires a judgment confirming the Arbitrator's Decision and Award. The Court's authority to confirm the Award under Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185—the law applicable to the Agreements, *see* Affiliation Agreement Art. VIII.A.—is well-established. *See, e.g.*, *Pan Am. Grain Mfg., Inc. v. Congreso De Uniones Industriales De P.R.*, 544 F. Supp. 2d 95, 97 (D.P.R. 2008) (in case arising under Section 301, noting that "[t]he court also has unquestionable jurisdiction to enforce collective bargaining agreements and arbitration awards"); *Int'l Ass'n of Heat & Frost Insulators & Asbestos Workers, Local Union No. 6 v. Thermo-Guard Corp.*, 880 F. Supp. 42, 48 (D. Mass. 1995).

Accordingly, NAGE requests that the Court confirm Arbitrator Hirsch's Award and enter judgment in the amount of $260,064 in favor of NAGE and against NEMSA and Colcord, jointly and severally.

**II.     The Court Should Grant NAGE's Motion for Attachment of Trustee Process**

Fed. R. Civ. P. 64 permits plaintiffs to avail themselves of remedies that are available under the law of the state where the court is located. Under Massachusetts law, trustee process is

the applicable enforcement mechanism "to secure satisfaction of the judgment for damages and costs which the plaintiff may recover." Mass. R. Civ. P. 4.2(a). *See also* Mass. Gen. Laws ch. 246 § 1 *et seq.* The procedure for trustee process is set forth in Massachusetts Rule of Civil Procedure 4.2. Upon submission of a motion for trustee process "supported by affidavit or affidavits" and notice and hearing to the defendant, the Court may issue a trustee summons where "there is a reasonable likelihood that the plaintiff will recover judgment, including interest and costs, in an amount equal to or greater than the amount of the trustee process over and above any liability insurance shown by the defendant to be available to satisfy the judgment." Mass. R. Civ. P. 4.2(c); *see also* Mass. Gen. Laws ch. 246 § 1 *et seq.*

The instant Motion presents a straightforward case for issuance of trustee summons.[2] First, NAGE is not just reasonably likely to recover judgment, but has already secured a final and binding award against NEMSA and Colcord, jointly and severally, in the amount of $260,064, as to which the deadline for seeking vacatur has passed. *See supra* at 5-6. Second, NAGE has no knowledge of any liability insurance possessed by NEMSA or Colcord that would cover the amount due to NAGE.

Third, AMR is an appropriate trustee. AMR has substantial operations in Massachusetts and is, accordingly, amenable to service of trustee process in this jurisdiction. *See Wyshak v. Anaconda Copper Mining. Co.*, 328 Mass. 219, 223 (1952). As to the funds in AMR's possession, they are union dues that belong to NEMSA that are collected by AMR on NEMSA's

---

[2] Because NAGE seeks trustee process for an award that has already issued, it is excepted from any requirement that a bond be posted to secure the attachment. *See* Mass. Gen. Laws ch. 246 § 1 ("*[E]xcept in the case of a complaint* which contains a statement that the action is *upon a judgment*, . . . no summons and complaint in any action seeking damages in excess of one thousand dollars shall be served upon any alleged trustee unless there shall have been filed by the plaintiff . . . a bond with surety company authorized to do business in the commonwealth as surety . . . .") (emphasis added).

behalf via a payroll deduction system.  AMR has no interest in the union dues, which belong entirely to NEMSA.  As such, they are funds that are due to be paid to NEMSA "absolutely and without any contingency," and are thus susceptible of attachment by trustee process.  *See* Mass. Gen. Laws ch. 246 § 24 ("Money or any other thing due to the defendant absolutely and without any contingency may be so attached before it has become payable, but the trustee shall not be compelled to pay or deliver it before the time appointed by the contract.").  The appropriateness of attaching the funds in question is underscored by the fact that NEMSA's union dues in AMR's possession have been previously attached and used to satisfy a judgment issued in a lawsuit against NEMSA in California.  *See supra* at 5.

Accordingly, NAGE requests that the Court grant its Motion for Approval for Attachment of Trustee Process and issue a summons to AMR as a trustee in possession of NEMSA funds in the amount of $260,064.

## CONCLUSION

For the foregoing reasons, the Court should confirm Arbitrator Hirsch's Award and enter judgment in the amount of $260,064 in favor of NAGE and against NEMSA and Colcord, jointly and severally.  The Court should also approve issuance of a summons to AMR as trustee to attach NEMSA's funds in its possession for the amount of $260,064.


Dated:  June 19, 2014                                  Respectfully submitted,

                                               */s/ W. Gary Kohlman*
Richard L. Barry, Jr.   (BBO #031810)
National Association of Government Employees
159 Burgin Parkway
Quincy, MA  02169
Telephone: (617) 376-0285
rbarry@nage.org

W. Gary Kohlman*
Andrew D. Roth*
Joshua B. Shiffrin*
Tanaz Moghadam*
BREDHOFF & KAISER, P.L.L.C.
805 Fifteenth Street, N.W. - Suite 1000
Washington, D.C.  20005
Telephone: (202) 842-2600
Facsimile: (202) 842-1888
gkohlman@bredhoff.com
aroth@bredhoff.com
jshiffrin@bredhoff.com
tmoghadam@bredhoff.com

*Admitted *Pro Hac Vice*

*Counsel for Plaintiff National Association of Government Employees, Inc.*

- 9 -

## CERTIFICATE OF SERVICE

      I hereby certify that on June 19, 2014, a copy of the foregoing Motion was filed electronically.  Parties may access this filing through the Court's system.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt, and paper copies will be sent to those indicated as non-registered participants, if any, on June 19, 2014.

                                              */s/ W. Gary Kohlman*
                                              W. Gary Kohlman