| | |
|---|---|
| NATIONAL ASSOCIATION OF GOVERNMENT EMPLOYEES, INC., <br><br> Plaintiff-Respondent, <br><br> v. <br><br> NATIONAL EMERGENCY MEDICAL SERVICES ASSOCIATION, INC., <br><br> and <br><br> TORREN K. COLCORD, <br><br> Defendants-Petitioners. | ) ) ) ) ) ) ) ) CIVIL NO. 13-10854-PBS ) ) ) ) ) ) ) ) ) ) ) |

## ORDER

May 22, 2015

Saris, Chief Judge.

### INTRODUCTION

On February 11, 2015, the Court awarded a judgment in favor of the plaintiff, National Association of Government Employees (NAGE), in the amount of $260,064. See National Ass'n of Gov't Employees, Inc. V. National Emergency Med. Servs. Assoc., Inc., 2015 WL 457910 at *6 (D. Mass. Feb. 4, 2015). That judgment is joint and several as to both defendants, National Emergency Medical Services Association (NEMSA), a national labor union, and Torren K. Colcord (Colcord), NEMSA's executive director. Id. NEMSA has since filed for bankruptcy pursuant to 11 U.S.C. § 362.

1

Docket No. 110. NAGE sought to enforce the judgment against Colcord and to elicit post-judgment discovery under Fed. R. Civ. P. 69(1)(2). NAGE now moves to compel Colcord to respond to its post-judgment discovery requests in aid of execution of judgment. Docket No. 114. Colcord did not file an opposition.

## DISCUSSION

Fed. R. Civ. P. 69(a)(2) permits a judgment creditor to "obtain discovery from any person – including the judgment debtor." "The rules governing discovery in postjudgment execution proceedings are quite permissive," Republic of Argentina v. NML Capital, Ltd., 134 S.Ct. 2250, 2254 (2014), and "[l]iberal discovery is afforded to judgment creditors" under Rule 69. ClearOne Commc'ns, Inc. v. Chiang, 276 F.R.D. 402, 404 (D. Mass. 2011) (internal quotation omitted). The "presumption is in favor of full discovery of any matters arguably related to the creditor's efforts to trace the debtor's assets and otherwise to enforce its judgment." Id. Additionally, under Fed. R. Civ. P. 37(a)(1), "a party may move for an order compelling disclosure or discovery" if it has "in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery."

NAGE represents that it has attempted to obtain post-judgment discovery from Colcord since March 16, 2015, when it served Colcord with its First Set of Interrogatories in Aid of

2

Execution of Judgment. Docket No. 114-2. Colcord's attorney confirmed receipt of these discovery requests and indicated he had forwarded them to Colcord. <u>Id.</u> at Ex. A-2, ¶¶ 3-6. After thirty days had elapsed and Colcord had not replied, NAGE sought in good faith to communicate with Colcord's counsel. <u>Id.</u> at ¶ 7. Neither Colcord nor his counsel made any response. <u>Id.</u> at ¶ 9. NAGE then spoke with Colcord's counsel by phone, at which point counsel said he could not confirm whether discovery responses were forthcoming. <u>Id.</u> at ¶ 10.

NAGE has met its burden to certify a good-faith attempt to confer with the party failing to produce discovery. Therefore, and given that Colcord filed no opposition, I **ALLOW** NAGE's motion to compel (Docket No. 114) and order Colcord to respond to all pending discovery requests within thirty days of this order's issuance.

                                             /s/ Patti B. Saris
                                             Patti B. Saris
                                             Chief United States District Judge